Dear Secretary Carnahan:
Dear Senator Green:
You have asked:
 What obligations does § 67.307, RSMo Cum. Supp. 2008, [1] impose on municipalities?
Section 67.307 applies to municipalities, which are defined as "any county, city, town, or village." Section 67.307.1(2). That section directly imposes one obligation on municipalities. But it also attaches a penalty to an obligation found in §§ 285.530, .535, and .550.
The direct obligation is found in § 67.307.3, which requires that the municipality's governing body, sheriff, or chief of police give each law enforcement officer written notice that they have a duty to cooperate with state and federal officials in enforcing immigration laws. The term "law enforcement officer" covers all those county sheriffs and municipal peace officers who have the power to arrest people for violating criminal laws. *Page 2 
Section 67.307.1(1). The municipality's obligation is fulfilled by giving the written notice to each of its law enforcement officers.
Section 67.307 also attaches a penalty to the obligation to revoke certain licenses and permits, found in §§ 285.530, .535, and .550. To understand the penalty associated with the obligation to revoke certain licenses and permits, we first turn to § 67.307.2, which provides that: "No municipality shall enact or adopt any sanctuary policy." The first way a municipality may create a "sanctuary policy" is by adopting an order or ordinance which restrains municipal officers or employees from verifying or reporting to a federal agency or official the immigration status of any alien within the municipality. Section 67.307.1(4)(a). The second way a municipality creates a "sanctuary policy" is by adopting an order or ordinance which, in violation of federal law, gives illegal immigrants lawful presence in the municipality. Section 67.307.1(4)(b). It is the third way a municipality creates a "sanctuary policy" that leads to the municipality's obligation to revoke the license or permit of a business after notice that the business is employing illegal aliens.
The associated obligation to revoke certain licenses and permits arises under §§ 285.530 and 285.535. Pursuant to § 285.550, if a federal check shows that a business is employing illegal aliens, and if the business does not remedy the situation, then the Attorney General may ask a court to determine that the business is violating § 285.535. If the court so determines, and the employer has a business license or permit from a municipality, the Attorney General notifies the municipality of the finding and the municipality is required to revoke the license or permit "within fifteen days." Section 285.550. If the municipality does not, it is deemed to have created a sanctuary policy. Section 285.550.
That takes us back to § 67.307, which imposes a penalty on municipalities that have created sanctuary policies:
 Any municipality that enacts or adopts a sanctuary policy shall be ineligible for any moneys provided through grants administered by any state agency or department until the sanctuary policy is repealed or is no longer in effect.
Section 67.307.2. Thus, § 67.307, in addition to the direct obligation to give particular notice to its law enforcement officers, acts with §§ 285.530, .535, and .550 to require that municipalities revoke license and permits of businesses found to employ illegal aliens. *Page 3 
 CONCLUSION
Section 67.307, when read in combination with §§ 285.530, .535, and .550, requires that a municipality (1) notify its law enforcement officers of their duty to cooperate with state and federal officials enforcing the immigration laws and (2) revoke any permit or license of a person upon notice from the Attorney General that the permittee or licensee has been found to employ illegal aliens.
 Sincerely, _________________ CHRIS KOSTER Attorney General
 We are indexing the opinion under the heading: Aliens Municipalities Sanctuary Policy
[1] All statutes cited are RSMo Cum. Supp. 2008. *Page 1